IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| LAVERNE SHULL, | ) | CASE NO. 09-CV-2931 |
|           Plaintiff, | )<br>) | |
| | ) | MAGISTRATE JUDGE McHARGH |
|           v. | )<br>) | |
| MICHAEL J. ASTRUE,<br>Commissioner<br>of Social Security, | )<br>)<br>)<br>) | **MEMORANDUM OPINION** |
|           Defendant. | )<br>) | |

This case is before the Magistrate Judge pursuant to consent of the parties (Doc. 10). The issue before the undersigned is whether the final decision of the Commissioner of Social Security ("Commissioner") denying Plaintiff Laverne Shull's ("Plaintiff" or "Shull") application for a Period of Disability and Disability Insurance benefits under Title II of the Social Security Act, 42 U.S.C. §§416(i) and 423, is supported by substantial evidence and, therefore, conclusive.

For the reasons set forth below, the Court AFFIRMS the decision of the Commissioner.

## I. INTRODUCTION & PROCEDURAL HISTORY

On July 18, 2006, Plaintiff filed an application for a Period of Disability and Disability Insurance Benefits and Supplemental Security Income alleging that she became disabled on June 21, 1973, due to a giant cell tumor formed on her right femur (Tr. 73-80, 93, 106). Plaintiff's date last insured for purposes of her Disability Benefits application was December 31, 1976 (Tr. 93).

Plaintiff's Disability Benefits application was denied initially and upon reconsideration (Tr. 28-29). Plaintiff timely requested and was granted an administrative hearing (Tr. 43-45). On July 23, 2008, Plaintiff appeared with counsel and testified at a hearing held before Administrative Law Judge

1

John D. McNamee-Alemañy (the "ALJ" or "ALJ McNamee-Alemañy") (Tr. 16-27). The hearing was conducted via video; Plaintiff appeared in Cleveland, Ohio, and the ALJ presided over the proceeding from Falls Church, Virginia (Tr. 12). Plaintiff was the only witness who testified at the hearing. (Tr. 16-27).[1]

The ALJ issued an unfavorable written decision on October 16, 2008, in which he applied the five-step sequential evaluation,[2] and determined that Plaintiff had not established that she suffered from a medically determined impairment and, therefore, was not disabled (Tr. 12-15). Plaintiff requested review of the ALJ's decision from the Appeals Council (Tr. 4-5 ). Plaintiff submitted a report from

---

[1] Vocational expert, Mr. Kevin Neet, was present at the hearing but did not testify (Tr. 16).

[2] The Social Security Administration regulations require an ALJ to follow a five-step sequential analysis in making a determination as to "disability." *See* 20 C.F.R. §§ 404.1520(a), 416.920(a). The Sixth Circuit has summarized the five steps as follows:

(1)  If a claimant is doing substantial gainful activity – i.e., working for profit – she is not disabled.

(2)  If a claimant is not doing substantial gainful activity, her impairment must be severe before she can be found to be disabled.

(3)  If a claimant is not doing substantial gainful activity and is suffering from a severe impairment that has lasted or is expected to last for a continuous period of at least twelve months, and her impairment meets or equals a listed impairment, claimant is presumed disabled without further inquiry.

(4)  If a claimant's impairment does not prevent her from doing her past relevant work, she is not disabled.

(5)  Even if a claimant's impairment does prevent her from doing her past relevant work, if other work exists in the national economy that accommodates her residual functional capacity and vocational factors (age, education, skills, etc.), she is not disabled.

*Abbott v. Sullivan*, 905 F.2d 918, 923 (6th Cir. 1990).

Dr. Joel Mayerson in conjunction with her request to the Appeals Council (Tr. 667-68). Plaintiff did not present this evidence to the ALJ at the hearing. On October 17, 2009, the Appeals Council denied Plaintiff's request for review of the ALJ's decision, thereby making the ALJ's determination the final decision of the Commissioner (Tr. 1-3). Plaintiff now seeks judicial review under 42 U.S.C. §§ 405(g).

Plaintiff, born on February 4, 1950, was fifty-eight years old at the time of the ALJ's decision (Tr. 93). She completed the eleventh grade and has experience working as a hairdresser at a beauty salon and as a movie ticket clerk for a theatre (Tr.107, 111).

## II. **MEDICAL EVIDENCE**[3]

Plaintiff's disability application relates back to two leg injuries she suffered in the 1970's. On June 21, 1973, Shull was admitted to the emergency department after falling while walking in the park (Tr. 343). The fall caused her to suffer a comminuted T fracture in her right distal femur (Tr. 343). The incident required Plaintiff to remain in traction for several months. Shull stayed in the hospital for nearly three months recovering from this injury.

Approximately four years later, Plaintiff re-injured her right leg after falling and slipping in her bathroom (Tr. 326). On June 22, 1977, Shull underwent surgery to have a pin inserted into her leg. She remained in traction for a period of six weeks. Plaintiff underwent a second surgery on August, 16, 1977, at which time her physicians discovered a large tumorous mass on her right leg (Tr. 326). Her doctors at that time explained to her the seriousness of her condition, and forewarned her of the possibility of amputation (Tr. 326). She was discharged from the hospital on September 4, 1977. This second leg injury occurred after the termination of her insured status.

---

[3]The Court highlights only the medical evidence brought into question by Plaintiff. The other medical evidence relating to Plaintiff's condition after 1976 is not relevant to the merits of this case.

### III.  DISABILITY STANDARD

A claimant is entitled to receive Disability Insurance and/or Supplemental Security Income benefits only when she establishes disability within the meaning of the Social Security Act.  *See* 42 U.S.C. §§ 423, 1381.  A claimant is considered disabled when she cannot perform "substantial gainful employment by reason of any medically determinable physical or mental impairment that can be expected to result in death or that has lasted or can be expected to last for a continuous period of not less than twelve (12) months." *See* 20. C.F.R. §§ 404.1505, 416.905.

### IV.  STANDARD OF REVIEW

Judicial review of the Commissioner's benefits decision is limited to a determination of whether, based on the record as a whole, the Commissioner's decision is supported by substantial evidence, and whether, in making that decision, the Commissioner employed the proper legal standards.  *See Cunningham v. Apfel*, 12 F. App'x. 361, 362 (6th Cir. 2001); *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984); *Richardson v. Perales*, 402 U.S. 389, 401 (1971).  "Substantial evidence" has been defined as more than a scintilla of evidence but less than a preponderance of the evidence.  *See Kirk v. Sec'y of Health & Human Servs.*, 667 F.2d 524, 535 (6th Cir. 1981).  Thus, if the record evidence is of such a nature that a reasonable mind might accept it as adequate support for the Commissioner's final benefits determination, then that determination must be affirmed.  *Id.*  The Commissioner's determination must stand if supported by substantial evidence, regardless of whether this Court would resolve the issues of fact in dispute differently or substantial evidence also supports the opposite conclusion.  *See Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986); *Kinsella v. Schweiker*, 708 F.2d 1058, 1059 (6th Cir. 1983).  This Court may not try this case de novo, resolve conflicts in the evidence, or decide questions of credibility.  *See Garner*, 745 F.2d at 387.  However,

it may examine all evidence in the record in making its decision, regardless of whether such evidence was cited in the Commissioner's final decision. *See Walker v. Sec'y of Health & Human Servs., 884 F.2d 241, 245 (6th Cir. 1989)*.

## V. ANALYSIS

After review of the evidence, ALJ John McNamee-Alemañy determined that Shull was not disabled under the Social Security regulations. At step one of the sequential evaluation analysis, the ALJ found that Shull had not engaged in substantial gainful activity since December 31, 1976 (Tr. 14). However, at step two, the ALJ ruled that "the objective medical evidence fail[ed] to establish the existence of a medically determinable impairment that could reasonably be expected to produce the claimant's symptoms." (Tr. 14). Therefore, the ALJ concluded that Plaintiff was not disabled as defined by the Social Security Administration.

Plaintiff does not challenge the ALJ's decision directly. Rather, she argues that the Commissioner erred by failing to consider the additional evidence she submitted to the Appeals Council after the hearing held before ALJ McNamee-Alemañy. Shull asserts that the Commissioner's decision denying her application for benefits should be remanded because Dr. Mayerson's report was new and material evidence, and because Plaintiff had good cause for failing to submit the report to the ALJ. Plaintiff asks this Court to remand the case to the ALJ for consideration of the new material evidence presented to the Appeals Council pursuant to 42 U.S.C. § 405(g).

**Whether Dr. Mayerson's Report Satisfies The Elements Of 42 U.S.C. § 405(g)**

Sentence six of 42 U.S.C. § 405(g) permits a court to remand a case back to the ALJ for consideration of additional evidence under certain circumstances. 42 U.S.C. § 405(g) states in pertinent part:

5

> . . . The court may . . . at any time order additional evidence to be taken before the Commissioner of Social Security, but only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding . . .

42 U.S.C. § 405(g).

The Sixth Circuit has interpreted this statute as creating three requirements to warrant remand for consideration of additional evidence. *Sizemore v. Sec'y of Health & Human Servs.*, 865 F.2d 709, 711-13 (6th Cir. 1988); *Cotton v. Sullivan*, 2 F.3d 692, 695 (6th Cir. 1993). First, the claimant must submit evidence that is *new*. "New evidence must indeed be new; it cannot be cumulative of evidence already in the record." *Elliot v. Apfel*, 28 F. App'x 420, 423 (6th Cir. 2002). Second, the evidence must be *material*. To satisfy this burden, the claimant must "demonstrate that the Secretary would have reached a different disposition of the disability claim if presented with the new evidence." *Sizemore*, 865 F.2d at 711. Third, the claimant must show *good cause* exists for her failure to incorporate the evidence in a prior proceeding. *Delgado v. Comm'r of Soc. Sec.*, 30 F. App'x 542, 549 (6th Cir. 2002).

When these three requirements are met, it is proper for the court to order a remand. However, the Court may not reverse an ALJ's decision on the basis of evidence first submitted to the Appeals Council. *Cotton*, 2 F.3d at 696. In cases such as the instant case, where the new evidence was submitted to the Appeals Council, and the Appeals Council declined the claimant's request for review, the court's role is to review the ALJ's decision and determine whether it was supported by the substantial evidence in the record at the time the ALJ issued his decision. *Id.* The Court may only consider the additional evidence in determining whether it warrants remand pursuant to the sixth sentence of 42 U.S.C. § 405(g). Plaintiff seeks remand in order for ALJ McNamee-Alemañy to consider Dr. Mayerson's report.

1. New

The first of the three requirements to warrant remand demands Plaintiff to show that the evidence is new. *Sizemore*, 865 F.2d at 711. Plaintiff avers that Dr. Mayerson's report is new because Dr. Mayerson did not offer his opinion until after the ALJ's hearing.[4] On the other hand, Defendant maintains that Dr. Mayerson's report is not new evidence because Plaintiff could have secured his opinion prior to the hearing.

Sixth Circuit case law recognizes that "[a] claimant bears the ultimate burden of establishing the existence of a disability." *Cotton*, 2 F.3d at 695. The Court finds that the report issued by Dr. Mayerson does not constitute as new evidence. Evidence is only new if it was "not in existence or available to the claimant at the time of the administrative proceeding." *Foster v. Halter*, 279 F.3d 348, 357 (6th Cir. 2001); *see also Delgado*, 30 F. App'x at 549 ("Although [the claimant] had not prepared this new version of her history before the first hearing, all the information in it was available before the ALJ's decision. Therefore, it is not new information.").

The medical records upon which Dr. Mayerson's opinion was founded, were available to Shull prior to the hearing. As Defendant points out, there is no reason that Plaintiff could not have sought Dr. Mayerson's opinion prior to the hearing. Because Shull bore the burden of proving her disability, it was her responsibility to provide the ALJ with sufficient evidence with which to find her disabled. Plaintiff's failure to seek medical evidence establishing the existence of a disabling condition prior to her date last insured is to her own detriment. This failure is not excusable merely because Shull chose not to seek such evidence prior to the hearing. Even if there was definitive proof to validate the

---

[4]The Court notes that Dr. Mayerson's report is not dated, so the Court is unable to discern the date on which this report was actually written.

existence of a giant cell tumor prior to Plaintiff's date last insured, such evidence would not be considered "new" if it were available to Shull prior to the ALJ's hearing. Allowing Plaintiff to submit additional evidence – which by all accounts could have been acquired prior to her original hearing – at a second hearing would be akin to giving Plaintiff a second bite at the apple, and would run afoul of the requirement for new evidence under the sixth sentence of 42 U.S.C. § 405(g). Thus, Plaintiff's implication that the Court should accept Dr. Mayerson's report as new because it was sought in response to the ALJ's unfavorable decision is unpersuasive. Plaintiff was represented by counsel and was aware that she maintained the burden of establishing that the onset of her condition began prior to the termination of her insured status. It is no excuse for Plaintiff to now imply that she did not have to submit such information until the ALJ questioned its existence in his written decision.

### 2. Material

Remand is also unnecessary because Dr. Mayerson's report is not material. In order to warrant remand for consideration of additional evidence, the claimant must demonstrate "that there was a reasonable probability that the Secretary would have reached a different disposition of the disability claim if presented with the new evidence. *Sizemore*, 865 F.2d at 711. Shull contends that Dr. Mayerson's report is material because it directly answers the question of when her giant cell tumor began to grow. She argues that this information is critical to her claim because it specifically addresses the concerns raised by ALJ McNamee-Alemañy. Dr. Mayerson's report states in pertinent part:

> The medical literature about the duration of symptoms in giant cell tumor of bone demonstrates that many patients have a long duration symptoms [sic] prior to any surgical treatment. . . I believe that it is not uncommon for persons with giant cell tumors of bone to present for treatment with a long history of the presence of a lesion. It is my opinion that Ms. Shull's original fracture was possibly related to giant cell tumor of bone and the second fracture was definitely caused by giant cell tumor of bone. It is therefore a logical connection that her giant cell tumor began growing sometime prior to the end of 1976.

(Tr. 668).

A reading of Dr. Mayerson's report shows that it is not material. Dr. Mayerson's opinions are speculative in nature and do not conclusively establish the date or time frame when Shull's giant cell tumor began to grow. Dr. Mayerson opines that Shull's "original fracture was *possibly* related to giant cell tumor of bone" (Tr. 668) (emphasis added). Thus, by the doctor's own admission, he can not state with certainty that Shull's original fracture was indeed caused by a giant cell tumor. Materiality is based upon whether there is a reasonable probability that the additional evidence would lead the ALJ to reach a different conclusion regarding the claimant's disability status. Because Dr. Mayerson's report offers merely conjecture regarding the onset of Plaintiff's condition, it is unlikely that it would have persuaded the ALJ to reach a different conclusion. Although Dr. Mayerson indicated that it was logical that Shull's giant cell tumor began growing prior to the end of 1976, his finding is couched in terms of probability, and neither he nor Plaintiff has pointed to any unequivocal proof that would incline the ALJ to believe that Shull's condition started before the end of 1976.

Shull's brief cites to case law in which courts have ruled that a diagnosis may still be proper even though it is rendered several months or years after the expiration of the claimant's insured status. *See Gecevic v. Sec'y of Health & Human Servs.*, 882 F. Supp. 278, 286 (E.D.N.Y. 1995) ("The fact that a diagnosis is not made contemporaneously within the period that a claimant is insured does not undercut the viability of a later diagnosis based upon medically acceptable techniques."). However, this argument misses the point. The problem with Dr. Mayerson's opinion is not related to the fact that he offered his findings after the expiration of Plaintiff's insured status. Instead, the issue concerns the content of Dr. Mayerson's report. His findings can not be characterized as material because of the speculative nature in which they are presented. Although his opinions are arguably based upon

9

medically acceptable techniques, Dr. Mayerson acknowledged that he was not able to view Plaintiff's radiographs taken in 1973 to confirm whether there was a lesion present in 1973 which was mistakenly overlooked by the radiologist reviewing the records at that time.  Under this circumstance, it is not possible for Dr. Mayerson to truly ascertain whether there was a giant cell tumor present prior to the end of 1976.  Therefore, there is no reason for the Court to conclude that Dr. Mayerson's findings would have likely caused the ALJ to render a different decision.

The Court also rejects Plaintiff's contention that Dr. Mayerson's opinions were entitled to any deference.  Shull appears to suggests that Dr. Mayerson was her treating physician, and therefore, his opinions were deserving of considerable weight.  However, Plaintiff has not provided the Court with any proof documenting a treatment relationship between herself and Dr. Mayerson.  Accordingly, there is no reason to give additional weight to the doctor's opinions.

### 3.  Good Cause

Because the undersigned finds that the additional evidence submitted by Shull is neither new nor material, it is not necessary to conduct a lengthy discussion regarding the issue of good cause. Plaintiff's counsel neglected to ask the ALJ to leave the record open in order to allow Dr. Mayerson's report to become part of the record.  And, as indicated above, Plaintiff has offered no valid reason for her failure to elicit Dr. Mayerson's opinion prior to the hearing.  As a consequence, the Court finds that Shull did not have good cause for failing to submit this additional evidence to the ALJ.  *See Willis v. Sec'y of Health & Human Servs.*, 727 F.2d 551, 554 (6th Cir. 1984) ("[C]ounsel for Appellant did not seek to have the record remain open until such time as other evidence could be made a part of the record. Nothing in the record indicates any good cause for the failure to elicit medical testimony from Dr. Giray, prior to the close of the proceedings before the ALJ.").

Plaintiff asserted no objection to the Commissioner's decision, other than her arguments addressing Dr. Mayerson's report. The Court, finding that this additional evidence does not necessitate remand under 42 U.S.C. § 405(g), holds that the ALJ's decision was supported by the evidence in the record before him.

## VI. DECISION

For the foregoing reasons, the Magistrate Judge finds the decision of the Commissioner that Plaintiff was not disabled is supported by substantial evidence. Accordingly, the Court AFFIRMS decision of the Commissioner.

s/ Kenneth S. McHargh  
Kenneth S. McHargh  
United States Magistrate Judge

Date: April 11, 2011.